UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> JORGE CLEMENT ROSCO, III ) <br> ) | NO. 3:18-CR-157.2 |

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on August 3, 2020. At the hearing, the parties orally moved to amend the indictment by substituting the name Jorge Clement Rosco, III for Roscoe Jorge Clement, III. Therefore, I **RECOMMEND** that the indictment be amended as such.

At the hearing, defendant was present by video teleconference, as was his attorney, Ms. Molly Kincaid. Defendant moved to withdraw his not guilty plea to Count One of the Indictment and entered a plea of guilty to the lesser included offense of Count One, that is, conspiracy to distribute more than 50 kilograms of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(C) in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement;

1

the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, in light of the agreement of the parties and the reasons stated by counsel on the record I **RECOMMEND** that the Court find that the plea hearing in this case could not be further delayed without serious harm to the interests of justice. I also **RECOMMEND** that defendant's motion to withdraw his not guilty plea to Count One of the Indictment be granted, his plea of guilty to the lesser included offense of Count One of the Indictment, that is, conspiracy to distribute more than 50 kilograms of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(C), be accepted, the Court adjudicate defendant guilty of the charge in Count One of the indictment, that is, conspiracy to distribute more than 50 kilograms of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(C), and a decision on whether to accept the plea agreement be deferred until sentencing. I further **RECOMMEND** defendant remain out on release until sentencing in this matter because I find that defendant's exceptional compliance with his release conditions and supervision, his exceptional efforts regarding his sobriety (one and a half years sober plus regular Alcoholics Anonymous and Narcotics Anonymous attendance) and his exceptional employment efforts (working two full time jobs) coupled with his exceptional care for his mother and her dire health conditions combined with the COVID-19 Pandemic and the risks it poses to the guard and prison populations, all considered together is sufficient exceptional reason why detaining defendant pending sentencing would be inappropriate

2

and comes under exceptional reasons for continued release under the Mandatory Detention Act. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

_____
C. Clifford Shirley,
United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen (14) days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).